



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 1, 2018

**VIA CM/ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Omar Valle, 18 Cr. 63 (JSR)**

Dear Judge Rakoff:

The Government respectfully submits this letter in response to the defendant's sentencing submission, dated November 27, 2018. The defendant, Omar Valle, pleaded guilty to Count One of the Indictment, which charged him with conspiring to distribute heroin and cocaine. Because Valle knowingly transported heroin and cocaine for a large financial gain, a substantial sentence of imprisonment is warranted.

### I.    Offense Conduct

The defendant was responsible for transporting enormous quantities of heroin and cocaine from California, Arizona, and Texas. The heroin and cocaine came from Mexico, and the defendant was paid a lot of money to transport the drugs from these Southwestern states to the New York City area. On August 23, 2017, when he was arrested, Valle had stored, in hidden compartments in his car, 14 kilograms of heroin and five kilograms of cocaine. The defendant admitted that he brought drugs to New York eight-to-ten times in 2016 and 2017, and that, on these trips, he transported a total of 68 kilograms of heroin and 15 kilograms of cocaine.

The defendant received $2,500 per kilogram of heroin, and $1,500 per kilogram of cocaine. Therefore, based on the defendant's admissions, he was paid $170,000 for transporting heroin, and $22,500 for transporting cocaine—a total of $192,500.

### II.    Discussion

Valle was indicted on January 26, 2018. On August 16, 2018, Valle pleaded guilty to Count One of the Indictment. As set forth in the final Presentence Investigation Report ("PSR"), the defendant's sentencing guidelines range is 108 to 135 months' imprisonment. The guidelines, while no longer mandatory, still provide strong guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005). "[A] district court should begin all sentencing

proceedings by correctly calculating the applicable Guidelines range," and that range "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

The Government respectfully submits that a sentence well above the defense counsel's request of 36 months' imprisonment is warranted in this case.

Valle transported drugs to make easy money. He was capable of supporting his family through legitimate work, *id.* at 6 ("Omar has maintained consistent employment throughout his adult life."), but greed caused him to become a drug trafficker. As stated above, the defendant made a total of $192,500 transporting drugs to the New York region. Assuming he took 10 trips, and that each trip took a full week, that is $19,250 for a week of "work." To put this in perspective, a legitimate worker making $15 an hour is paid around $600 in a week. So Valle was paid at least 32 times more than a person working a legitimate job. Valle became involved in drug trafficking because he could make a lot of money for easy work.

The defense submission calls Valle a "courier," and states that he was "only one cog in a much larger scheme to produce, smuggle, distribute, and sell narcotics in the United States." *Id.* at 8. To be sure, Valle's role in this drug trafficking organization (the "DTO") was to bring drugs from the Southwest to the New York City region. Drugs generally gain in value the farther they are transported—so the wholesale value of heroin and cocaine is much higher in New York than it is in Arizona or Texas. The amounts of drugs that Valle knowingly transported, and the sums of money that he was paid, demonstrates that he was a trusted and valued member of the DTO. This is not a desperate passenger on a plane swallowing small quantities of drugs to bring them into the United States. Valle transported 68 kilograms of heroin and 15 kilograms of heroin to New York—the street value of these drugs is approximately $4.5 million.

This conduct was extremely serious. In particular, the widespread availability of heroin is one of the drivers of the opioid epidemic plaguing the New York City region. The defendant admits that he knowingly brought 68 kilograms of heroin to the New York region, which is a lot of drugs. The Government does not doubt that, now, Valle is "remorseful." Def. Sent. Letter at 4; *id.* at 7 ("Omar understands that transporting narcotics resulted in those drugs being sold or distributed, and consequently harmed people who used them."). But this feeling of remorse, and this understanding of the harm he was inflicting, appears not to have kicked in until *after* he was arrested and faced going to jail for a long time. Without law enforcement's intervention, it is fair to assume that Valle would have continued transporting these dangerous drugs, while remaining completely indifferent to detrimental effects his conduct had on the community.

In light of this serious conduct, 36 months' imprisonment is inadequate. The defendant transported drugs that cause a huge amount of human misery and suffering, and he should be sentenced accordingly.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Michael K. Krouse
Assistant United States Attorney
(212) 637-2279

cc: Steven M. Witzel, Esq. (via ECF)